UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL,<br><br>                        Plaintiff,<br><br>v.<br><br>ROBERT S. WOLF,<br><br>                        Defendant. | Case No.: 18CV814 L (BGS)<br><br>**ORDER TO FILE DECLARATION**<br><br>[ECF 7] |

Following Defendant Robert S. Wolf's filing of a Motion to Strike Plaintiff Howard Appel's Complaint pursuant to California Code of Civil Procedure § 425.16, Plaintiff filed an Ex Parte Application to Continue Hearing on the Motion to Strike and to Order Discovery. (ECF 7.) The assigned district judge stayed briefing on the Motion to Strike and referred Defendant's request for discovery to the undersigned. (ECF 9.) For the reasons set forth below, the Court orders Wolf's counsel to file a declaration as set forth below by December 28, 2018.

## BACKGROUND

Appel's Complaint[1] asserts a claim for libel against Wolf for a statement Wolf made about Appel in an email. (Compl. ¶¶ 9-19.) The email related to a case between

---

[1] The Court is only summarizing the allegations of the Complaint. The Court is not making any findings of fact.

1

Appel and Concierge Auctions, LLC ("Concierge"). (Compl. ¶¶ 6, 10.) As explained in the Complaint in this case, Appel alleges that Wolf, an attorney, has represented Concierge, a company that auctions high-end luxury real estate. (*Id.* ¶¶ 3-4.) A dispute arose between Appel and Concierge regarding the sale of real estate in Fiji.[2] (*Id.* ¶¶5-6.) Plaintiff alleges that despite the property owner indicating an intention not to sell the property and having refused to sign a purchase agreement with Concierge, Concierge took and refused to return Appel's $285,000 deposit. (*Id.* ¶ 5.)

It was in the context of that case that Wolf made the allegedly libelous statement about Appel in an email. (*Id.* ¶¶ 5-6, 9-10.) Specifically, Appel alleges that Wolf stated "By the way, I know Howard Appel from when I used to head the litigation side at Gersten Savage, more than 10 years ago. Howard had legal issues (securities fraud) along with Montrose Capital and Jonathon Winston who were also clients at the time. Please send him my regards." (*Id.* ¶10.) The Complaint claims the email was soliciting a phone call about settlement, but lacked any settlement terms because Wolf wanted to avoid discussing settlement in email. (*Id.* ¶ 10.) The Complaint also asserts that Wolf's statement was not made in his capacity as an attorney because he is not licensed to practice in California and the email was directed to people known to be in California. (*Id.* ¶ 7.) Finally, the Complaint alleges that the statement is completely untrue, (*Id.* ¶ 11), and was made with malice because it had no purpose other than to cast doubt on Appel's honesty and Wolf refused to retract it. (*Id.* ¶¶12-13.)

As discussed more fully below, Wolf filed a Motion to Strike Complaint Pursuant to California Code of Civil Procedure § 425.16 and for Mandatory Sanctions. (ECF 5.) It was supported by three declarations from: (1) Wolf; (2) Chad Roffers and (3) Anthony

---

[2] A motion to compel arbitration was granted in that case and it is currently stayed and administratively closed.

Capobianco.[3] (*Id.*) Wolf's declaration explains his connection to the litigation and why he was involved in correspondence regarding the case — he was engaged to defend Concierge in an arbitration proceeding initiated by Appel in New York regarding the Fiji property and was asked to assist Concierge's counsel in the associated district court action here. (Decl. of Robert Wolf ("Wolf Decl.") ¶ 4.) The email exchange in which the statement was made is attached to his declaration. (*Id.* ¶ 5, Ex. C.) His declaration also explains that he was soliciting settlement discussions and the individual he was referring to in the email is a different Howard Appel than Plaintiff. (*Id.* ¶¶ 5, 8.) The declaration from Mr. Roffer, Concierge's chairman, also indicates that Wolf was retained to represent Concierge in the New York arbitration proceeding and that he anticipated Wolf would represent Concierge if the district court action here were transferred to New York. (Decl. of Chad Roffer ("Roffer Decl.") ¶¶ 5, 7.)

## DISCUSSION

**I. California's Anti-SLAPP Statute**

"In California, 'a cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.'" *Planned Parenthood Federation of Am., Inc. v. Center for Medical Progress*, 890 F.3d 828, 832-33 (9th Cir. 2018) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). To show a reasonable probability of prevailing, "the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* at 833 (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001)). "[A] defendant's

---

[3] The Capobianco declaration was filed in support of an award of fees should Wolf prevail on the Motion to Strike. (Decl. of Anthony Capobianco.)

anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for his or her claims *or* when no sufficiently substantial evidence exists to support a judgment for him or her." *Id.* (citing *Metabolife*, 264 F.3d at 840).

II. **Discovery to Respond to Anti-SLAPP Motion**

In federal court, discovery is not automatically stayed under § 425.16(f), as it is when brought in state court. *Id.* at 833. Unlike some other sections of California's anti-SLAPP statute that are applicable in federal court,[4] § 425.16(f)'s automatic stay is inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 56. *Id.* (citing *Metabolife*, 264 F.3d at 846).

In the Ninth Circuit's recent *Planned Parenthood* decision the court explained that "[i]n order to prevent the collision of California state procedural rules with the federal rules, [courts in the Ninth Circuit] review anti-SLAPP motions to strike under different standards depending on the motion's basis." *Id.* "[I]f Defendant's anti-SLAPP motion [is] based on legal deficiencies, Plaintiff's [are] not required to present prima facie evidence supporting Plaintiff's claims." *Id.* Rule 8 and 12 standards are applied to a motion to strike "founded on purely legal arguments." *Id.* (quoting *Z.F. v. Ripon Unified School District*, 482 Fed. Appx 239, 240 (9th Cir. 2012)). "In defending against an anti-SLAPP motion, if the defendants have urged only insufficiency of pleadings then the plaintiff can properly respond merely by showing sufficiency of the pleadings, and there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants." *Id.* at 834. Plaintiffs are not required to "present[] evidence showing that their claims have minimal merit" when the challenge is only to the sufficiency of the pleadings. *Id.* at 834 ("rejecting Defendants' view that Plaintiffs

---

[4] "The degree to which the anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure has been hotly disputed." *Planned Parenthood Federation of Am.*, 890 F.3d at 833 (summarizing Ninth Circuit rulings on applicability of costs and fees (applicable), 60-day filing delay (court's discretion), and automatic stay (inapplicable)).

had to submit evidence showing the merits of their claims when the challenge was only as to the sufficiency of the pleadings.")

However, "if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment *and discovery must be permitted*." *Id.* at 833 (quoting *Z.F.*, 482 Fed. Appx at 240) (emphasis added). As the Ninth Circuit explained, requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure." *Id.* at 833-34.

In short, whether Appel is entitled to discovery to oppose Wolf's Motion to Strike depends on whether Wolf's Motion to Strike challenges the legal or factual sufficiency of the claim. *Id.* at 834.

## III. Analysis

### A. Parties' Arguments

#### 1. Appel

Appel argues he is entitled to discovery because Wolf's Motion to Strike is a factual challenge that requires discovery to oppose. Appel relies exclusively on the submission of declarations in support of the Motion to Strike to support his argument that the Motion to Strike is a factual challenge. Appel argues Wolf's refusal to withdraw the declarations at Appel's request during the meet and confer discussions means that the declarations constitute a factual challenge. However, it is not clear how Wolf's refusal to withdraw them establishes they constitute a factual challenge or that they alone warrant discovery.

Additionally, with regard to the declarations, Appel states, without citation to *Planned Parenthood*, that "*Planned Parenthood* establishes a clear rule that discovery must be allowed in anti-SLAPP matters where there are matters of fact presented by

5

18CV814 L (BGS)

declaration by the Defendant." (ECF 7 at 3[5] (emphasis in original).) There are two problems with this statement. First, *Planned Parenthood* did not specifically address declarations and certainly did not announce a per se rule that submission of any declaration in support of a motion to strike would automatically entitle a plaintiff to discovery. On the contrary, as Wolf points out in opposition, the court acknowledges a declaration was submitted in support of the motion to strike in that case and it was still considered a purely legal challenge that did not warrant discovery. (ECF 8 at 20 (citing *Planned Parenthood*, 890 F3d at 832).) Second, Appel fails to explain or identify what "facts presented by declaration[s]" constitute the factual challenge in this case. Appel does not discuss any information in the declarations, explain how they challenge or are even inconsistent with the allegations of his Complaint, or otherwise address how they constitute a challenge to the factual sufficiency of his claim.

### 2. Wolf

Wolf argues Appel is not entitled to discovery because Wolf is bringing "a purely legal anti-SLAPP challenge." (ECF 8 at 7.) Wolf reiterates this point throughout his opposition brief, arguing his Motion to Strike is focused on the email being protected as a matter of law by California's litigation privilege and that no discovery is needed to respond to that purely legal challenge. (ECF 8 at 15-18.) Wolf argues that the "facts relevant to this case are *essentially* undisputed" to suggest he brings only a legal challenged. (ECF 8 at 15 (emphasis added).) However, he does not address whether the facts stated in the declarations submitted in support of his Motion to Strike do or do not conflict with any of the allegations of the Complaint. A conflict might suggest Wolf is challenging the factual sufficiency of the claim rather than just bringing a purely legal challenge. As discussed more fully below, this and other ambiguities in Wolf's position, are problematic and require a supplemental statement from Wolf.

---

[5] The Court references the CM/ECF pagination when citing the parties' briefs unless otherwise noted.

**B. Analysis**

As explained above, Appel has not explained how the Motion to Strike constitutes a challenge to the factual sufficiency of his claim. However, the Court has conducted its own review of the Motion to Strike. The Court finds that the Motion largely challenges the legal sufficiency of Appel's claim, but also includes challenges to Appel's ability to produce evidence in support of his claim. Wolf seems to abandon these challenges by arguing in opposition to the Ex Parte Motion that he is bringing a purely legal challenge. However, as discussed below, his position is unclear.

The Motion to Strike is almost entirely a challenge to the legal sufficiency of the pleadings. Some of the background section cites the declarations, although even much of that is duplicative of the allegations in the Complaint. It does include the allegedly libelous email, however the entire email could be considered under the Rule 12(b)(6) standard applicable to a purely legal challenge. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (explaining and applying incorporation by reference doctrine). The Motion explicitly asks the Court to "apply the pleading standards applicable on a Rule 12(b)(6) motion to dismiss" applicable to "an anti-SLAPP motion that (like the instant motion) challenges the legal deficiencies in a complaint." (ECF 5-1 at 17.) The Motion relies on the allegations of the Complaint to argue the statement was made in furtherance of protected speech, *i.e.* a statement in furtherance of settlement of litigation. And, Wolf argues the claim is insufficient based on application of California's litigation privilege to the email at issue with minimal reliance on information beyond the Complaint.

Given this focus on legal deficiencies, the Court would not be inclined to grant discovery, however, the Court cannot ignore statements in the Motion challenging Appel's ability to produce evidence in support of his claim. Wolf states in his Motion to Strike, second bullet point summarizing his main arguments, that "Appel cannot satisfy his burden to present competent *evidence* establishing a probability of success on the merits." (ECF 5-1 at 8 (emphasis added).) Similarly, Wolf argues that "his complaint

7

must be stricken unless he can establish that there is a probability that he will prevail *by producing competent admissible evidence* in support of his claims." (ECF 5-1 at 20.) In these two statements, Wolf is challenging Appel to "present prima facie evidence supporting [his] claims." *See Planned Parenthood*, 890 F.3d at 833. But, when a motion is "based on legal deficiencies, [as Wolf claims he brings here], Plaintiffs [are] not required to present prima facie evidence supporting Plaintiffs' claims." *Id.* "Requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure." *Id.* at 833-34.

Wolf's Opposition to the Ex Parte Application for discovery seems to abandon these challenges to Appel's ability to produce evidence in support of his claim. Wolf argues Appel is not entitled to discovery because Wolf is bringing "a purely legal anti-SLAPP challenge." (ECF 8 at 7.) He claims his motion "does not test the sufficiency of Plaintiff's evidence in the manner of a summary judgment motion" and relies on cases that have found evidence and discovery unnecessary to determine if a statement is privileged. (ECF 8 at 15, 17.) The Opposition to the Ex Parte Application, quoting *Planned Parenthood*, characterizes the nature of his challenge to the Complaint as "premised on legal deficiencies inherent in the plaintiff's claim." (ECF at 20 (quoting 828 F.3d at 834).) These statements would suggest Wolf is limiting his challenge to legal deficiencies in the Complaint that can be resolved on the pleadings under the Rule 12(b)(6) standards. However, Wolf's Opposition to the Ex Parte Application itself also equivocates on this being the sole basis for the Motion to Strike. (ECF 8 at 15 ("The motion argues *primarily* that Wolf's email is absolutely protected as a matter of law"); at 20 ("Wolf's motion rests *principally* on the purely legal arguments discussed above") (emphasis added).) Additionally, Wolf's Opposition does not address the statements quoted above in the Motion to Strike for Appel to produce evidence to support his claim. The Opposition to the Ex Parte Application also challenges Appel to submit "evidence

concerning [his] alleged damages . . . with his opposition" to the Motion to Strike.[6] (ECF 8 at 17 (emphasis added).)

Given the Motion to Strike is largely focused on legal deficiencies, the Court is not inclined to order discovery without clarifying Wolf's position. However, the Court cannot ignore the directive that a demand to produce prima facie evidence of a claim, as the Motion to Strike seemed to assert, at least in part, requires discovery. *Planned Parenthood*, 890 F.3d at 833-34. Accordingly, the Court orders Wolf's counsel to file a declaration not exceeding 2 pages indicating clearly and unequivocally if he is abandoning his challenges that "Appel cannot satisfy his burden to present competent evidence establishing a probability of success on the merits," (ECF 5-1 at 8) and that "his complaint must be stricken unless he can establish that there is a probability that he will prevail by producing competent admissible evidence in support of his claims." (ECF 5-1 at 20.) It must be filed by **December 28, 2018.** After reviewing the declaration, the Court will issue a final order on the request for discovery.

**IT IS SO ORDERED.**

Dated: December 20, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[6] The Court recognizes Wolf is arguing Appel does not need to depose Wolf or Roffers to obtain evidence of his own damages, however, the suggestion that Appel is required to produce evidence without conducting discovery seems to cross over the line from purely legal to factually sufficient.

9