UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD APPEL,<br><br>                                     Plaintiff,<br><br>v.<br><br>ROBERT S. WOLF,<br><br>                                     Defendant. | Case No.:  18CV814 L (BGS)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR DISCOVERY**<br><br>[ECF 7, 14] |

## I.     BACKGROUND

Following Defendant Robert S. Wolf's filing of a Motion to Strike Plaintiff Howard Appel's Complaint pursuant to California Code of Civil Procedure § 425.16, Appel filed an Ex Parte Application to Continue Hearing on the Motion to Strike and to Order Discovery. (ECF 7.)  The assigned district judge stayed briefing on the Motion to Strike and referred Appel's request for discovery to the undersigned.  (ECF 9.)  On December 20, 2018, the undersigned issued a detailed order summarizing the allegations of the Complaint, setting forth the applicable legal standard in determining whether discovery is required to respond to an anti-SLAPP motion, and ordering Wolf to file a declaration clarifying Wolf's position.  (ECF 10 ("the Order"))  The Court incorporates that Order here and only briefly summarizes it in issuing this decision on the Ex Parte Application's request for discovery.

The Court ordered Wolf to file a declaration clarifying two statements in his Motion that suggested he was challenging Appel's ability to present prima facie evidence to support his claim. (ECF 10.) These statements were inconsistent with Wolf's position that he was bringing a purely legal challenge subject to Rule 12(b)(6) standards, a position he consistently stated in both the Motion to Strike and in the Opposition to the Ex Parte Application. (*Id.*) The declaration clarifies that Wolf is abandoning these statements. (ECF 11.) Following this clarification, and incorporating the Court's prior analysis, the Court finds Appel is not entitled to discovery because Wolf's Motion to Strike is a challenge to the sufficiency of the pleadings seeking application of the Rule 12(b)(6) standard applicable to a motion to dismiss.

## II.    DISCUSSION

As explained in more detail in the Court's Order, federal courts[1] "review anti-SLAPP motions to strike under different standards depending on the motion's basis." *Planned Parenthood Federation of Am., Inc. v. Center for Medical Progress*, 890 F.3d 828, 833 (9th Cir. 2018). Anti-SLAPP motions raising purely legal arguments are analyzed under Rule 8 and Rule 12 standards and plaintiffs are not required to present prima facie evidence supporting their claims. *Id.* "[I]f it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment *and discovery must be permitted.*" *Id.* at 833 (quoting *Z.F. v. Ripon Unified School District*, 482 Fed.

---

[1] As the Court explained in more detail in the December 20, 2018 Order, if this Motion to Strike were being heard in state court, discovery would be stayed and Plaintiff would be required to show not only that the complaint is legally sufficient, but also that it is "supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Planned Parenthood*, 890 F.3d at 833 (*See also* ECF 10 at 3-5.) However, when an anti-SLAPP motion is brought in federal court, a plaintiff responding to it cannot be required to produce prima facie evidence without the procedural safeguards of a motion for summary, including conducting discovery. (ECF 10 at 4-5); *Planned Parenthood*, 890 F.3d at 833-34.

Appx 239, 240 (9th Cir. 2012)) (emphasis added).)

## A. Motion to Strike Challenges the Legal Sufficiency of Appel's Claim Under Rule 12(b)(6)

Wolf's Motion to Strike seeks application of the Rule 12(b)(6) standard that tests the sufficiency of the pleadings, his Opposition to the Ex Parte Application explicitly limits his challenge to a purely legal one, and Wolf has now clarified that he is abandoning any challenge to Appel's ability to present prima facie evidence supporting his claim.

The Motion to Strike itself states that it is being brought under Rule 12(b)(6) and seeks application of its standards in the Motion to Strike. It cites the *Planned Parenthood* decision and states "[i]n ruling on an anti-SLAPP motion that (like the instant motion) challenges the legal deficiencies in a complaint, the Court must apply the pleading standards applicable on a Rule 12(b)(6) motion to dismiss" (ECF 5-1 at 17 (parenthetical in original).) The Motion to Strike goes on to seek application of *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*'s familiar standards for a Rule 12(b)(6) motion to dismiss. (*Id.* at 17-18 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Motion to Strike argues the court must disregard formulaic recitation of the elements of a cause of action and conclusory allegations. (*Id.* at 18 (quoting *Iqbal*, 556 U.S. at 678 and *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1143 (9th Cir. 1996).) And, the Motion goes on to argue that after these conclusory allegations are disregarded, the "factual allegations must be enough to raise a 'plausible' right to relief 'above the speculative level.'" (*Id.* (quoting *Twombly*, 550 U.S. at 570).) Additionally, in asking the court to consider the entire email chain from which the allegedly libelous statement in the Complaint was excised, Wolf cited *Knievel v. ESPN*, for the proposition that the court could consider it even though it was not attached to the Complaint. (*Id.* at 11 n.5 (citing 393 F.3d 1068, 1076-77 (9th Cir. 2005)).) This incorporation-by-reference doctrine is another standard that applies only to motions to dismiss challenging the legal sufficiency of the complaint. *Parrino v. FHP, Inc.*, 146

F.3d 699, 706 (9th Cir. 1998) *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006). Wolf's reliance on the Rule 12 standards indicates the Motion to Strike is a challenge to the legal sufficiency of Appel's claim.

The Motion to Strike also seek the application of these Rule 12 standards, arguing the court should look to the facts of the Complaint and disregard its legal conclusions. (*Id.* at 19-20, n.12 ("The complaint must plead facts, not merely legal conclusions, to satisfy federal pleading standards.").) For example, Wolf argues the allegations of the Complaint reflect the email at issue was sent by Wolf as counsel for Concierge and the court should disregard the Complaint's legal conclusion that he could not have acted as an attorney in sending the email because it would constitute the unauthorized practice of law. (*Id.* at 19-20.) Similarly, in arguing the statement at issue is subject to California's litigation privilege, the Motion to Strike relies on the email in which the statement was made being sent after Appel had commenced litigation against Wolf's client.[2] (*Id.* at 22-23.) That litigation, the circumstances leading up to it, and that the email was an attempt to initiate settlement negotiations of that dispute, are all alleged in the Complaint. (Compl. ¶¶ 5-6, 10.) Wolf's reliance on the allegations of the Complaint further reflect this is a Rule 12(b)(6) challenge to the sufficiency of the pleadings.

Wolf's Opposition to the Ex Parte Application also indicates he is bringing a purely legal challenge. Wolf states he is bringing "a purely legal anti-SLAPP challenge." (ECF 8 at 7.) He claims his motion "does not test the sufficiency of Plaintiff's evidence in the manner of a summary judgment motion" and relies on cases that have found evidence and discovery unnecessary to determine if a statement is privileged. (ECF 8 at 15, 17.) The Opposition to the Ex Parte Application, quoting *Planned Parenthood*, also

---

[2] As discussed below, courts may consider the context in which a statement is made under the incorporation-by-reference doctrine even if that context, potentially the full email chain here, is not provided in or attached to the Complaint.

characterizes the nature of his challenge to the Complaint as "premised on legal deficiencies inherent in the plaintiff's claim." (ECF at 20 (quoting 890 F.3d at 834).) These statements indicate that Wolf's challenge in the Motion to Strike is limited to legal deficiencies in the Complaint that can be resolved on the pleadings under Rule 12(b)(6) standards.

The declaration filed by Wolf pursuant to the Court's December 20, 2018 Order indicates that Wolf is abandoning any challenges to Appel's ability to present prima facie evidence in support of his claim. (ECF 11.) This claries that the Motion to Strike is not a factual challenge because it explicitly abandons any statements challenging Appel's ability to produce evidence. *Planned Parenthood*, 828 F.3d at 833 (finding plaintiffs are not required to present prima facie evidence when motion is based on legal deficiencies).

The Motion to Strike seeks application of and advances arguments based on the application of Rule 12(b)(6) standards to the Complaint. The nature of the challenge in the Motion to Strike is a Rule 12(b)(6) motion challenging the legal sufficiency of the Complaint. This position is consistent with Wolf's statements in the Opposition to the Ex Parte Application that he is bringing a purely legal challenge and his clarification that he is abandoning any challenge to Appel's ablity to present prima facie evidence.

### 1. Declarations Submitted in Support of the Motion to Strike

As the Court explained in the December 20, 2018 Order, there were three declarations attached to the Motion to Strike: (1) Wolf's; (2) Chad Roffers' and (3) Anthony Capobianco.[3] (*Id.*) Wolf's declaration explains his connection to the litigation and why he was involved in correspondence regarding the case — he was engaged to defend Concierge in an arbitration proceeding initiated by Appel in New York regarding the Fiji property (with American Arbitration Association demand attached) and was asked to assist Concierge's counsel in the associated district court action here. (Decl. of

---

[3] The Capobianco declaration was filed in support of an award of fees should Wolf prevail on the Motion to Strike. (Decl. of Anthony Capobianco.)

Robert Wolf ("Wolf Decl.") ¶ 4.)  The entire email exchange in which the allegedly libelous statement was made is also attached to his declaration.  (*Id.* ¶ 5, Ex. C.)  Consistent with the Complaint, his declaration also explains that he was soliciting settlement discussions.  (*Id.* ¶ 5; Compl. ¶ 10.)  He also explains that the individual he was referring to in the email is a different Howard Appel than Plaintiff.  (*Id.* ¶ 8.)  The declaration from Mr. Roffer, Concierge's chairman, also indicates that Wolf was retained to represent Concierge in the New York arbitration proceeding and that he anticipated Wolf would represent Concierge if the district court action here were transferred to New York.  (Decl. of Chad Roffer ("Roffer Decl.") ¶¶ 5, 7.)

In the Ex Parte Application, Appel argues the submission of these declarations in support of the Motion to Strike alone means this Motion to Strike is a factual challenge that warrants discovery.[4]  As noted in the Court's prior Order, Appel has cited no authority indicating that submission of declarations alone means a motion to strike must automatically be considered a factual challenge that warrants discovery.  As Wolf argued in his Opposition to the Ex Parte Application, a declaration was submitted in the *Planned Parenthood* case and it was still considered a challenge to the legal sufficiency of the claim.  (ECF 8 at 20 (citing *Planned Parenthood*, 890 F.3d at 832).)  As discussed more fully below, the submission of the declarations alone does not necessarily change the Motion to Strike's Rule 12(b)(6) challenge to the legal sufficiency of the pleadings into a factual challenge requiring discovery.

///

---

[4] The Ex Parte Application lacks any explanation how the declarations go beyond the pleadings in any relevant respect, although in an unauthorized supplemental brief, Appel belatedly asserts there are factual statements beyond the pleadings regarding Wolf's role in the underlying litigation.  (ECF 12.)  Appel filed this supplemental brief without leave of court and Wolf has sought to have it stricken or be allowed to respond to it.  (ECF 14.)  Because the Court addresses below the issue of the declarations, the Court need not delay the matter with further briefing.  Accordingly, Wolf's request to strike the supplemental filing is **DENIED**.

In the *Planned Parenthood* case, the Ninth Circuit noted that in denying the Defendants' motion to strike, the district court "limited its review to the adequacy of plaintiffs' pleadings" despite the submission of a declaration and evidentiary-based arguments raised in a reply brief. 890 F.3d at 832. Defendants had argued in their reply brief that Plaintiffs failed to present evidence showing their claims had minimal merit. *Id.* But, the court limited its review to the pleadings "because Defendants attacked 'pleading deficiencies' and argued that Defendants were entitled to 'judgment as a matter of law.'" *Id.* The Ninth Circuit concluded "the district court correctly applied a Rule 12(b)(6) standard to Defendants' Motion to Strike challenging the legal sufficiency of Plaintiffs' complaint, and the district court did not err in declining to evaluate the factual sufficiency of the complaint at the pleading stage." *Id.* at 835. This indicates that if the nature of the challenge is to the sufficiency of the pleadings and the court limits its review to the pleadings, it is a challenge to the legal sufficiency of the claims that does not require discovery.

This is consistent with the court's options when faced with a Rule 12(b)(6) challenge that includes submission of materials beyond the pleadings. When a defendant submits materials beyond the pleadings in bringing a Rule 12(b)(6) challenge, the district court may choose not to consider those submissions and confine the analysis to the legal sufficiency of the pleadings or convert the motion into one for summary judgment and allow the parties an opportunity to present pertinent materials. Fed. R. Civ. P. 12(d). Rule 12(d) only requires the court to convert a motion to dismiss to a motion for summary judgment if "matters outside the pleadings are presented to *and not excluded* by the court." Fed. R. Civ. P 12(d)(emphasis added); *see also In re Mortg. Registration Sys., Inc.*, 754 F.3d 772, 781 (9th Cir. 2014) (finding a motion to dismiss is not converted into a motion for summary judgment when the record lacks any indication the court considered extraneous materials). A "district court 'exclude[s]' the materials by failing to rely on them when ruling on the motion to dismiss." *Hicks*, 897 F.3d at 1118. The declarations at issue here may contain information beyond the pleadings that the court

7

may not consider given Wolf's clear indications in the Motion to Strike, Opposition to the Ex Parte Application, and subsequent declaration, that this is a purely legal challenge to the sufficiency of the pleadings subject to Rule 12(b)(6) standards. However, submission of those declarations alone does not automatically mean Wolf's Rule 12(b)(6) challenge becomes a factual one requiring discovery.

Additionally, there are instances when matters beyond the pleadings may be incorporated by reference or otherwise considered by the court while still applying the Rule 12(b)(6) standards. *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (summarizing matters beyond the pleadings that may be considered without converting a motion to dismiss into one for summary judgment); *see also Khoja v. Orexigen Theraputics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (describing incorporation-by-reference as a judicially created doctrine that allows certain documents to be treated as though they are part of the complaint to "prevent plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims"). For example, here the court may decide to consider the entire email chain, attached to Wolf's declaration submitted in support of the Motion to Strike, which contains the allegedly libelous statement at issue in this case, without converting it into a motion for summary judgment. *Knievel*, 393 F.3d at 1076-77;[5] *see also Khoja*, 899 F.3d at 1003 (describing the *Knievel v. ESPN* defamation claim as one that required the document at issue to be reviewed even though it was the pleading stage).

///

///

---

[5] In noting this authority, the Court is not finding the district court should or should not consider the entire email. Rather, the Court is simply noting that the submission of a declaration with the entire email, only a portion of which is included in the Complaint, does not necessarily convert a motion to dismiss into one for summary judgment.

Given the nature of the challenge in the Motion to Strike is to the legal sufficiency of the claim and Wolf has very explicitly and clearly limited his challenge to the legal sufficiency of the pleadings under Rule 12(b)(6), discovery is not required. Based on the foregoing, the Court finds Appel is not entitled to discovery. The Ex Parte Application for Discovery is **DENIED**.

## III. Request for Attorneys' Fees and Costs

Wolf's request for attorneys' fees and costs for responding to Appel's Ex Parte Application for discovery is **DENIED**. Wolf argues the request for discovery was baseless and warrants an award of fees and costs. As discussed above, despite the nature of Wolf's challenge, there were statements in Wolf's Motion to Strike suggesting he was challenging the factual sufficiency of Appel's claim sufficient to require the Court to clarify his position. The Court cannot agree with Wolf's assertion that the request for discovery was baseless or otherwise justifies an award of fees. Nor is Appel entitled to attorney's fees and costs. His Ex Parte Application provides no basis for such an award, noting only that he would seek sanctions if Wolf requested sanctions.

## CONCLUSION

The Ex Parte Application for Discovery is **DENIED** and the requests for attorneys' fees and costs are **DENIED**. The request to strike Appel's supplemental briefing is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 25, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge

18CV814 L (BGS)