1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23

HOWARD APPEL,

        Plaintiff,

vs.

ROBERT S. WOLF,

        Defendant.

Case No.:  3:18-cv-00814-L-BGS

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 91]**

**(2) GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE [ECF NO. 91-2]**

**(3) DENYING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION [ECF NO. 92]**

24
25
26
27
28

     Pending before the Court in this case alleging defamation are Plaintiff's Motion for Partial Summary Judgment or in the Alternative for an Order Treating Specified Facts as Established [ECF No. 91], Plaintiff's Request for Judicial Notice [ECF No. 91-2] and Defendant's Motion for Summary Adjudication [ECF No. 92.] The parties have filed responses in opposition to the respective motions, along with replies. The Court decides

the matter on the papers submitted and without oral argument.  See Civ. L. R. 7.1(d.1).  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion, **GRANTS** Plaintiff's Request for Judicial Notice, and **DENIES** Defendants' Motion.

I.   FACTUAL BACKGROUND

Plaintiff Howard Appel ("Plaintiff") is an individual who is a citizen of California. Defendant Robert S. Wolf ("Wolf") is an attorney, licensed to practice in New York, and is a litigation partner with the law firm of Moses & Singer. In June 2017, Plaintiff registered the highest bid for certain real property in Fiji in a luxury residential real property auction. A dispute subsequently arose between Plaintiff, the seller of the property, and Concierge Auctions LLC ("Concierge").

In July 2017, Concierge initiated an arbitration proceeding in New York against the seller. Concierge engaged Defendant Wolf for representation in the dispute. In October 2017, Plaintiff initiated a separate arbitration proceeding against Concierge in New York, and Wolf was engaged by Concierge in that dispute. Subsequently, Plaintiff withdrew his arbitration demand and, on November 8, 2017, filed suit against Concierge in this Court alleging claims under California's unfair competition laws, Racketeering Influenced and Corrupt Organizations Act ("RICO"), and state tort claims. Concierge engaged Capobianco Law Offices, P.C. ("CLO") to defend the lawsuit filed in this Court, including the filing of motions to have the action sent to arbitration in New York or the United States District Court for the Southern District of New York. On April 13, 2018, the Court granted Defendant's motion to compel arbitration and stayed the case. *Appel v. Concierge Auctions*, 2018 WL 1773479 *2 17-cv-2263- BAS-MDD (S.D. Cal. 2018).

 On November 27, 2017, Defendant sent an email to Joseph Preis, Plaintiff's principal counsel; four additional attorneys were copied on Defendant's email, two from Preis' law firm, Jason Boss and Benjamin Reynolds, and two attorneys for Concierge, Anthony Capobianco and Derek Wallen.   The email stated:

Joe,

I didn't respond to your email last week about good cop/bad cop as it would not have been productive. It struck me as simply being adversarial for the sake of being adversarial. Suffice to say that I have requested numerous times to have a call with you so that we could discuss a resolution of this matter. If it doesn't get resolved, so be it. However, it is in our clients' respective interests to make this effort. I'm not going to do this by email. Please let me know when you are available to have a settlement call, I promise I won't bite you.

By the way, I know Howard Appel from when I used to head the litigation side at Gersten Savage, more than 10 years ago. Howard had legal issues (securities fraud) along with Montrose Capital and Jonathan Winston who were also clients at the time. Please send him my regards.

I look forward to speaking with you soon.

Best regards,

Robert

(Fink Dec. ¶ 3; Ex. A at 4 [ECF No. 91-1.])

After being notified of the email by his attorney, Plaintiff advised Defendant Wolf that the Howard Appel who allegedly committed securities fraud is not Plaintiff Howard Appel in this case and requested a retraction of the false statement and an apology. Defendant Wolf has refused to do so twice. Plaintiff filed this suit for defamation per se against Defendant thereafter.

II.   PROCEDURAL BACKGROUND

On April 27, 2018, Plaintiff filed the Complaint in this action asserting one claim of libel per se. [ECF No. 1.]  On July 2, 2018, Defendant filed an Answer which asserts ten affirmative defenses: (1) Privilege, (2) Failure to Mitigate, (3) Lack of Personal Jurisdiction, (4) Failure to State a Claim, (5) Waiver, (6) Unclean Hands, (7) Consent, (8) Laches, (9) Estoppel, and (10) Excessive Fines. (Answer [ECF No. 4].) On July 2, 2018, Defendant also filed a Motion to Strike the Complaint arguing that the statement was protected by the litigation privilege. [ECF No. 5.] After granting a joint motion to extend

time, the Court denied the Motion to Strike on September 19, 2019 [ECF No. 29.] On September 24, 2019, Defendant Wolf filed a Notice of Interlocutory Appeal challenging the Order Denying Motion to Strike. [ECF No. 31.] On January 6, 2021, the Ninth Circuit affirmed this Court's Order. [ECF No. 39.]

On July 15, 2022, Plaintiff filed this Motion for Partial Summary Judgment and Defendant filed this Motion for Summary Adjudication.  [ECF Nos. 91, 92.]  On August 15, 2022, Defendant filed a Response in Opposition to Plaintiff's motion. (Wolf Oppo. [ECF No. 96.]. On August 16, 2022, Plaintiff Appel filed a Response in Opposition to Defendant's motion. (Appel Oppo. [98.])  On August 22, 2022, the parties filed their respective Replies. (Appel Reply [ECF No. 100]; Wolf Reply [ECF No. 101.] )

III.    LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Rule 56 allows a court to grant partial summary judgment when a showing is made that there is no genuine dispute of material fact as to a particular claim or defense. Fed.R.Cv.P. 56(a).

A fact is material when, under the governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *Id.* at 322–23. If the moving

party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elect. Indus. Co., Ltd. v Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

The court must draw all inferences from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

"[T]he district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). The court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (*citing Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)).

## IV.   DISCUSSION

Plaintiff argues that the Court should grant summary judgment because Defendant (1) waived the affirmative defense of truth by failing to assert it in his Answer, (2) the Ninth Circuit has determined that Defendant's privilege defense does not apply, (3) failure to mitigate is not a defense to general damages, (4) Defendant waived his personal jurisdiction defense by fully participating in litigation of the merits for over four years, (5)

failure to state a claim and excessive fines are not valid affirmative defenses, (6) Defendant has no evidence to support the waiver and consent defenses, (7) unclean hands and estoppel are not valid defenses, and (8) Defendant has no evidence to support the laches defense. (Pl. Mot. at 4).

Defendant moves for summary adjudication on the issue of punitive damages, arguing that Plaintiff has not and cannot meet the requisite burden of proof. (Def. Mot. at 10).

A. Plaintiff's Motion for Partial Summary Judgment

1. *Truth Defense*

Plaintiff contends that Defendant has waived the truth defense because he did not assert it in his Answer. (Pl. Mot. at 12; Reply at 3). He further argues that Defendant is attempting to shift the burden of proof in this private party defamation case to require that Plaintiff prove the falsity of the statement, but the burden of proving truth is on Defendant. (Reply at 2,4). In addition, Plaintiff claims that Defendant raises a new theory, arguing for the first time that he is immune from liability because it turns out the statement was true about the other Howard Appel. (Reply at 4).  Because this is a new theory, Plaintiff argues he will be prejudiced if the Court allows it to proceed as there has been no discovery, depositions would need to be taken of Jonathan Winston and Montrose Capital, and potentially others. (*Id.*)

In response, Defendant argues that the truth defense is a rebuttal, not an affirmative defense because it demonstrates that Plaintiff has not met his burden of proof to show the publication was false. (Def. Oppo. at 4). If required to demonstrate the truth of the statement, Defendant argues that his statement may be considered "true" because Plaintiff was involved in securities fraud with Millennium Laboratories and he need not prove that Plaintiff was involved in any particular securities fraud because "fraud is fraud." (Oppo. at 7). Defendant claims that the failure to assert a defense in an Answer does not waive the defense where, as here, Plaintiff is not prejudiced because "he was provided fair notice of

the defense and had the opportunity to conduct discovery on it." (Oppo. at 5). Defendant further contends that the statement is true because there is another Howard Appel who had legal issues regarding securities fraud in connection with Montrose Capital and Jonathan Winston and it should be up to a jury to decide whether the statement was defamatory as to Plaintiff Howard Appel. (Oppo. at 7-8).

"In all cases of alleged defamation, whether libel or slander, the truth of the offensive statements or communication is a complete defense against civil liability, regardless of bad faith or malicious purpose." *Smith v. Maldonado*, 72 Cal.App.4th 637, 646 (Cal.App. 3d 1999). Where the plaintiff is a public figure, "the public figure must show the falsity of the statements at issue in order to prevail in a suit for defamation." *Stolz v. KSFM 102 FM* 30 Cal.App. 4th 195, 202 (1994). However, "the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual." *Gertz v. Welch* 418 U.S. 323, 348 (1974). Here, the parties do not dispute that this is a matter involving a private plaintiff on a matter of private concern. In cases involving private plaintiffs on matters of private concern, California Jury Instruction CACI §1720 states clearly that truth is an affirmative defense:

> **Affirmative Defense – Truth**. [Name of defendant] is not responsible for [name of plaintiff]'s harm, if any, if [name of defendant] proves that [his/her/nonbinary pronoun/its] statement(s) about [name of plaintiff] [was/were] true. [Name of defendant] does not have to prove that the statement(s) [was/were] true in every detail, so long as the statement(s) [was/were] substantially true.

CACI § 1720.

Therefore, Defendant's assertion of truth is an affirmative defense. "Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff an affirmative defense may be plead [sic] for the first time in a motion for summary judgment." *Ledo Financial Corp. v. Summers*, 122 F.3d 825 (9th Cir. 1997); *see also* Fed.R.Civ.P. 8(c). "An affirmative defense must give the plaintiff 'fair notice' of the nature of the defense" which "generally requires that the defendant state the nature and grounds for the affirmative defense." *Stevens v. Corelogic*, *2, 2015 Wl 7272222 (S.D. Cal. 2015).

As a primary matter, Defendant has repeatedly acknowledged that the statement is not true to the extent it alleges that Plaintiff had securities fraud legal issues in conjunction with Jonathan Winters and Montrose Capital. Moreover, Defendant did not raise the affirmative defenses of truth based on his later discovery that Plaintiff had legal issues related to his role with Millenium, and that the statement is true because the other Howard Appel engaged in securities fraud, in the Answer, as required under Rule 8. However, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Plaintiff has been on notice that Defendant claims the statement is true due to Plaintiff's involvement at Millenium, but Defendant cannot assert an affirmative defense of truth that relies on Plaintiff's dealings with entities other than Montrose and Winston. (Order at 17 Ex. E [ECF No. 91-2.]) As Magistrate Judge Skomal noted in support of the Order quashing Defendants' subpoenas[1], "Wolf is not just trying to prove the truth of his assertions, Appel had 'legal issues (securities fraud),' with details showing he was involved with securities fraud or even that would show he did something that could actually be considered securities fraud. Rather, he is trying to substitute in an entirely different type of conduct – submission of false Medicare claims- for securities fraud." (Ord. at 19, Ex. E.) Accordingly, it is immaterial for purposes of the affirmative defense of truth with regard to Plaintiff's alleged dealings with Montrose and Winston whether Plaintiff engaged in any other kind of fraud.  Defendant has failed to demonstrate a genuine issue of material fact concerning this affirmative defense of truth, therefore summary judgment is granted as to this affirmative defense.

Moreover, to the extent Defendant is now raising the new argument that the statement is truthful because the *other* Howard Appel was engaged in securities fraud

---

[1] The Court GRANTS Plaintiff's request judicial notice of the Order Granting in Part Motions to Quash Non-Party Subpoenas, or in the Alternative for a Protective Order, and for Fees Associated with these Motions, [ECF No. 16] issued in case numbers 21-cv-1466-L-BGS; 21-cv-1536-L-BGS; and 21-cv-1557-L-BGS, finding that it is an order of this Court in related cases, is generally known within the Court's jurisdiction, and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)

1  along with Montrose Capital and Jonathan Winston, the Court finds that Plaintiff would
2  be prejudiced by allowing the claim to survive summary judgment because this is a new
3  assertion, Plaintiff did not have fair notice of the argument, and he has not had discovery
4  on it.  Considering the facts in the light most favorable to Defendant,   Defendant has
5  failed to meet his burden to demonstrate a genuine issue of material fact, therefore,
6  Plaintiff's motion for summary adjudication is granted on this claim.

7      *2. First Affirmative Defense- Privilege*

8      In the First Affirmative Defense, Defendant contends: "the subject email is
9  absolutely privileged under, among other statutes, rules and doctrines, California Civil
10  Code Section 47(b) and Federal Rules of Evidence 408 and therefore Plaintiff is not entitled
11  to any recovery in this action." (Answer at 5).

12      Plaintiff argues that there can be no affirmative defense of privilege because both
13  this court and the Ninth Circuit analyzed the statement against the litigation privilege
14  standard, and found that it was not reasonably related to the Concierge litigation, therefore,
15  it was not a privileged communication. (Mot. at 13-14; Reply at 6-7).

16      In response, Defendant claims that the Ninth Circuit's holding is limited to review
17  of the district court's denial of Defendant's anti-SLAPP motion, therefore it was not a
18  dispositive ruling that precludes Defendant from arguing privilege based on evidence
19  presented at trial. (Oppo. at 9). Defendant argues the appellate court simply affirmed the
20  finding that Plaintiff met the burden of establishing minimal merit of success based on the
21  limited record at the time of the motion. (*Id.*) If the Ninth Circuit's ruling could be applied
22  beyond its review of the anti-SLAPP motion, Defendant argues there would be no need for
23  a jury trial. (Oppo. at 9). Defendant contends he will proffer evidence showing he made
24  the alleged defamatory statement in a settlement communication as counsel for Concierge
25  in the underlying action, making it a privileged statement, therefore the affirmative defense
26  applies. (*Id.* at 10).

27
28

California's litigation privilege applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Cal.Civ.Code § 47(b); *Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006). "To be privileged under section 47, a statement must be "reasonably relevant" to pending or contemplated litigation." *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008).

Review of the anti-SLAAP motion, order, and the appellate court's opinion illustrate that the allegedly defamatory statement is not protected by the attorney- client litigation privilege because it was not reasonably related to the litigation, making the affirmative defense inapplicable. This Court noted "while it is undisputed that Plaintiff's libel per se claim is based on Defendant's November 27, 2017, email, the Complaint and evidence supporting the instant motion fail to demonstrate the challenged email was sent in the settlement negotiation context." (Ord. at 5-6 [ECF 29.]) The Court further addressed California's litigation privilege under Civil Code section 47(b) and found that "[a]lthough Defendant attempts to persuade the Court that his entire email was an attempt to settle the Concierge case, the Court finds that Defendant's alleged libelous statement was not reasonably related to the Concierge litigation." (Ord. at 9 [ECF No. 29.])

The Ninth Circuit agreed with this Court regarding the litigation privilege and held that Plaintiff was reasonably likely to succeed on the merits, finding in part that "Wolf's defamatory statement is not privileged, despite being made in the context of settlement negotiations" . . .[and] Appel established that Wolf's false insinuation that he had been involved in securities fraud is not reasonably relevant to Appel's underlying dispute with Concierge (Mem. Dispo. at 4-5 [ECF No. 39.] Contrary to Defendant's assertions, the determination by the Ninth Circuit that the statement is not a privileged communication as defined in section 47(b) is sufficient to support Plaintiffs argument. Defendant has failed to demonstrate a genuine issue of material fact with regard to the affirmative defense of privilege. Therefore, the Court grants summary judgment as to this claim.

//

### 3. Second Affirmative Defense- Failure to Mitigate

In the Second Affirmative Defense, Defendant claims: "that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff failed to take reasonable actions to mitigate his damages, if any, and any recovery to which Plaintiff might be entitled, must be reduced by reason of his failure to mitigate his damages, if any." (Answer at 5).

Plaintiff contends that failure to mitigate is not applicable because he is not seeking actual damages, but he is instead seeking general damages for his "shame, mortification, or hurt feelings." (Mot. at 14; Reply at 8). Plaintiff argues that the only way he could mitigate the harm to his reputation, shame, and hurt feelings would be to ask Defendant for a retraction of the defamatory email, which he has done twice. (*Id*.) Because the damages were accrued at the moment the email was published, they cannot be undone, according to Plaintiff. (*Id*.) In addition, Plaintiff claims that Defendant has failed to support this affirmative defense with facts or evidence, despite Plaintiff's Interrogatories Nos.1 and 2, and Plaintiff's Request for Product No. 2 (Set 1). (*Id*.)

Defendant argues in response that Plaintiff failed to mitigate his damages by voluntarily republishing and deliberately posting the statement on multiple websites on the internet despite Plaintiff knowing that the email was about a different Howard Appel. (Oppo. at 10). He contends that it is for the trier of fact to decide whether a plaintiff acted reasonably to mitigate damages, therefore, summary adjudication of this claim should be denied. (*Id*.)

Under California's statute, "libel is false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45; *Washburn v. Wright*, 261 Cal.App.2d 789, 797 (1968). "An allegation the plaintiff is guilty of a crime is libelous on its face." *Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles,* 117 Cal.App.4th 1138, (Cal.Ct.App.2004); *Barnes–Hind, Inc. v. Sup.Ct.*, 181 Cal.App.3d 377, 385(1986) ("Perhaps the clearest example of

libel per se is an accusation of crime.") "It is the function of the court to construe the alleged libelous matter in a sense that is natural and obvious, and in which the persons to whom it is communicated would be likely to understand it." *Washburn*, 261 Cal.App.2d at 797.

A plaintiff may receive compensation "for harm to reputation or shame, mortification, or hurt feelings," known as assumed damages, even if he has not proved any actual damages, because the law assumes he has suffered this harm. *See* CACI 1704 *Barnes-Hind, Inc*., 181 Cal. App. 3d at 382 ("A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face."). "[D]amage to plaintiff's reputation is conclusively presumed and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages" including, in an appropriate case, punitive damages." *Barnes-Hind*, 181 Cal.App.3d at 382

Here, Plaintiff Appel seeks general damages for his "upset, anger, annoyance and concern" in an amount to be in excess of $500,000 and punitive damages three times that amount, or $1.5 million.  (Complaint ¶ ¶ 16, 18). He does not seek actual damages.

Defendant does not cite, nor has the Court discovered, any support for the contention that failure to mitigate is a recognized affirmative defense to defamation per se. Instead, Defendant cites to *McKinney v. County of Santa Clara*, 110 Cal.App. 3d 787 (1980) and *Live Oak Publishing Co. v Cohagan*, 234 Cal.App. 3d 1277 (1991) for the proposition that a defendant is not ordinarily liable to a plaintiff who republishes defamatory statements unless the republication was reasonably to be expected. *See Live Oak*, 234 Cal.App. at 1284 ("When it was foreseeable that a defendant's act would result in publication to a third person, the plaintiff may maintain a libel action.") Here, Defendant contends that the communication was between attorneys in the underlying action, therefore, it was not reasonable to expect Plaintiff to republish the statement. (Oppo. at 11).

In *McKinney*, a former probationary sheriff's deputy filed a complaint against his former employer alleging causes of action for libel, slander, and wrongful dismissal from employment arising as the result of republications of the County's alleged prior defamation

of the deputy. *McKinney*, 110 Cal.App 3d at 792.  McKinney admitted that he made the disclosures to police departments where he was seeking employment but he argued his republications were not voluntary as they were required to complete the applications, therefore, the County should have known the statements would be republished when he sought other employment. *Id*. at 792-93. The Court noted that "ordinarily the originator of the defamatory matter is also liable for each such repetition if he could reasonably have foreseen the repetition" finding that plaintiff was under a "strong compulsion" to republish. *Id*. at 795.

Similarly, the Court in *Live Oak Publishing* addressed the rubric for determining when a plaintiff is prohibited from recovery for a defamation action due to the plaintiff's publication to others of the allegedly defamatory statements.  234 Cal.App.3d at 1284.  In *Live Oak*, defendant was a supporter of a political candidate and sent a paid advertisement in the form of a letter to the newspaper accusing it of having garbled the printed article about the political candidate. *Id*. at 1281-82.  The newspaper printed the advertisement, then sued for defamation. *Id*. at 1282. In finding that Live Oak could not state a cause of action for libel because it published the letter, the Court noted that Live Oak had not shown that the act of disclosure was a "necessity" or that it was some form of "coercion that created a strong compulsion to disclose the contents of the defamatory statement." *Id*. at 1287. The Court explained, "[t]he 'coercion' aspect of the exception applies 'where the originator of the defamatory statement has reason to believe that the person defamed will be under a strong compulsion to disclose the contents of the defamatory statement to a third person after he has read it or been informed of its contents.'" *Id*. at 1284.

It was foreseeable that Plaintiff would republish the statements in an effort to clear his name. Plaintiff republished the statements on two internet sites www.conciergeauctionscams.com and www.conciergeauctionslawsuit.com, which listed numerous lawsuits against Concierge.  (Reply Pettit Decl. at ¶ 4; D at 60 [96-2]). The statements were included in a description of the current case.  Plaintiff attempted to mitigate any harm by stating "the Howard Appel in this matter is not the individual whom Wolf claims to have represented previously (same name different person), and the

foregoing statement was obviously made with malice to embarrass/pressure Appel and/or to cause doubt about Appel's honesty and veracity in the minds of the recipients." (*Id*.)

As the evidence demonstrates, Plaintiff's republication of the statements does not constitute a failure to mitigate, but instead, he was "compelled to republish the statements in aid of disproving them." *Live Oak*, 234 Cal.App.3d at 1285. Here, Plaintiff's assumed damages, if any, accrued upon publication of the email, and Plaintiff's only recourse to mitigate the shame, mortification, and damage to his reputation was to seek a retraction and apology from Defendant, which he did.  Drawing all inferences in the light most favorable to Defendant, the Court finds no genuine issue of material fact and grants Plaintiffs' motion for summary adjudication of Defendant's affirmative defense of failure to mitigate.

### 4. *Third Affirmative Defense – Lack of Personal Jurisdiction*

In the Third Affirmative Defense, "Defendant alleges that this Court lacks jurisdiction over his person in connection with this action." (Answer at 5).

Plaintiff argues that Defendant has waived his personal jurisdiction defense because he has been actively engaged in litigating the present case since 2018 and has never raised the jurisdictional issue to the Court. (Mot. at 16).  Personal jurisdiction is properly alleged in the Complaint, and Defendant has produced no evidence to prove otherwise, according to Plaintiff. (*Id*.)

A defense of lack of personal jurisdiction is waived if not made by motion or included in a responsive pleading. Fed.R.Civ.P. Rules 12(b), 12(h). Personal jurisdiction "may be waived as a result of the course of conduct pursued by a party during litigation." *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1318 (9th Cir. 1998).  Here, Defendant has not objected to the Court's exercise of personal jurisdiction over the course of the four years that this case has been pending. Instead, he filed an Answer to the Complaint on July 2, 2018 [ECF No. 4], and then an Anti-SLAPP Motion on July 17, 2018 [ECF No. 7.] Defendant filed an interlocutory appeal of this Court's Order denying the Anti-SLAPP

motion to the Ninth Circuit on September 24, 2019. [ECF No. 31.] The Ninth Circuit affirmed this Court's Order, after which Defendant participated in discovery from January 2021 to July 2022.

At no time during this litigation did Defendant object to this Court's exercise of personal jurisdiction. Tellingly, he did not respond to Plaintiff's assertions that he had waived the defense when given an opportunity in his Response in Opposition to this argument. The Court finds that Defendant waived his affirmative defense of lack of personal jurisdiction by not raising it in a responsive pleading or motion, and through his course of conduct, therefore there is no genuine issue of material fact regarding this defense, and the Court grants Plaintiff's motion for summary adjudication as to this claim. *See Peterson*, 140 F.3d at 1318.

>    5. *Fourth and Tenth Affirmative Defenses – Failure to State a Claim and Excessive Fines*

In the Fourth Affirmative Defense, "Defendant alleges that the Complaint fails to state a claim upon which relief can be granted." (Answer at 5).  In the Tenth Affirmative Defense, Defendant claims that "[t]he award of penalties in this action is barred in whole or in part because they would amount to excessive fines in violation of Article I, Section 17 of the California Constitution and the Eighth Amendment of the United States Constitution." (Answer at 6).

Plaintiff contends that these claims "simply embody the contention that Appel will be unable to prove the elements of this claims contained in the Complaint." (Mot. at 16). Because Defendant failed to address these claims in his answers to the Interrogatories Nos. 1 and 2 and failed to serve any response documents to Plaintiff's Requests of Production Nos. 4 and 10, Plaintiff argues that the affirmative defense should be summarily adjudicated.  (*Id.* at 16-17).

"A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. Cal.*

*Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Barnes v. AT&T Pension,* 718 F.Supp. 2d 1167, 1173 (2010).

Defendant's assertion that Plaintiff has failed to state a claim upon which relief can be granted is a rebuttal defense and cannot be maintained as an affirmative defense, therefore, summary adjudication as to this claim is appropriate.

"The Eighth Amendment to the United States Constitution states: 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' (Italics added.) 'The Due Process Clause of the Fourteenth Amendment to the Federal Constitution .... makes the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments applicable to the States. [Citation.] The Due Process Clause of its own force also prohibits the States from imposing 'grossly excessive' punishments.'" *Lockyer*, 37 Cal.4th at 727.

Defendant has produced no evidence to support his contention that any award of penalties in this case would amount to excessive fines.  In addition, Defendant omits any discussion of these claims in his Opposition. While the Court must draw all inferences in favor of the non-moving party, Defendant has failed to show any genuine issue of material fact with regard to his affirmative defense of excessive fines. For this reason, the Court grants Plaintiff's motion for partial summary adjudication of the claim.

1. *Fifth, Sixth, Seventh and Ninth Affirmative Defenses- Waiver, Unclean Hands Consent and Estoppel*

In the Fifth Affirmative Defense, Defendant contends that "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." (Answer at 5).

In the Sixth Affirmative Defense, Defendant argues that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." (Answer at 6).

In the Seventh Affirmative Defense, Defendant argues that "Plaintiff's claims are barred, in whole or in part, by the doctrine of consent." (*Id*. at 6).

In the Ninth Affirmative Defense, Defendant contends that "Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel." (*Id*. at 6).

Plaintiff contends that Defendant's argument to support these defenses rests on the lone fact that Plaintiff republished the statement "in an attempt to mitigate the harm to his reputation" but he argues that there is nothing inequitable about him telling others of the wrongful and unfair treatment, and these actions did not waive his ability to seek accrued damages from the Court.  (Mot. at 17-18; Reply at 9). Plaintiff reiterates that he is not seeking actual damages from loss of income or other financial fallout, but instead he is seeking compensation for his "shame, mortification, or hurt feelings" and republishing the statements could not waive his right to seek those assumed damages. (Reply at 10).

Defendant claims that Plaintiff has "unclean hands" because his voluntary republishing of the statement on the internet violates conscience and good faith standards, and he cannot now seek damages on the grounds that the communication caused him harm. (Oppo. at 12-13). In addition, Defendant argues that Plaintiff has waived his rights and is estopped from asserting that he has been damaged by Defendant by virtue of his republication of the statement on the internet. (*Id*. at 13). He further contends that these are disputed issues and are questions for the trier of fact, therefore, Plaintiffs motion for summary adjudication should be denied as to these claims. (*Id*.)

"Waiver is the intentional relinquishment of a known right after knowledge of the facts." *Roesch v. DeMota*, 24 Cal. 2d 563, 572 (1944). Waiver may be implied through conduct that manifests an intention to waive a right. *Gould v. Corinthian Colleges, Inc.*, 192 Cal.App.4th 1176, 1179 (2011). "The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.'" *DRG/Beverly Hills Ltd v. Chopstix Dim Sum Café & Takeout*, 30 Cal.App. 4th 54, 60 (1994)(internal citations omitted). Waiver is generally a question of fact for the trial court. *Gould v. Corinthian Colleges, Inc*., 192 Cal. App. 4th 1176, 1179 (2011).

Where a plaintiff seeks actual damages that accrue after the alleged defamation, the question as to whether Plaintiff intentionally waived his right to pursue a defamation claim by voluntarily republishing the statements would be a question for the trier of fact, but here, Plaintiff's acts in republishing do not constitute a waiver because he did not waive a known right to actual damages. See generally *Gould*, 192 Cal. App. 4th at 1179. Accordingly, Defendant has not demonstrated a genuine issue of material fact sufficient to defeat Plaintiff's summary judgment motion as to the Fifth Affirmative Defense of Waiver.

The doctrine of unclean hands dictates that "he who comes into a court of equity must come with clean hands." *Precision Instrument v. Auto. Maint. Machinery*, 324 U.S. 806, 814 (1945). "It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith." *Id*. "Any conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine." *Kendall-Jackson Winery v. Superior Court*, 76 Cal.App.4th 970, 979 (1999).

Here, Defendant has not shown that Plaintiff's republication violates conscience or good faith. Instead, Plaintiff's republication was done to clear his name. There is no genuine issue of material fact with regard to the Unclean Hands affirmative defense, therefore, the Court Grants Plaintiff's motion as to the Sixth Affirmative Defense.

The consent of an individual to the publication of defamatory statements about him is a complete defense to the individual's action for defamation. *Kelly v. William Morrow & Co.,* 186 Cal.App. 3d 1625, 1632 (1986). As with the affirmative defense of waiver, Plaintiff's republication of the statements does not constitute consent. Plaintiff did not consent to the initial publication of the statements, and only seeks damages for the immediate harm he suffered, including seeking damages for shame, mortification and hurt feelings. It follows that Plaintiff's publication of the comment at a later date could only potentially constitute consent if he sought additional damages that accrued as a result of

that statement. Accordingly, the Court finds no genuine issue of material fact with regard to the Affirmative Defense of Consent, and grants Plaintiff's motion for summary judgment as to this claim.

The doctrine of equitable estoppel rests on the principle that "no man [may] profit from his own wrongdoing in a court of justice." *Cordova v. 21st Century Ins*., 129 Cal.App.4th 89, 106 (Ct. App. 2nd 2005).  A party asserting equitable estoppel must prove four elements: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Schafer v. City of Los Angeles*, 237 Cal.App.4th 1250, 1261 (2015). "'The essence of an estoppel is that the party to be estopped has by false language or conduct 'led another to do that which he [or she] would not otherwise have done and as a result thereof that he [or she] has suffered injury.'" *Id*. at 1262.

Defendant does not address the elements of estoppel, but simply claims that Plaintiff is estopped from asserting that he has been damaged by Defendant by reason of his act of republication of the statement. This is insufficient to demonstrate a triable issue of fact on an estoppel defense, therefore, the Court grants Plaintiff's summary judgment as to this claim.

### 6.  *Eighth Affirmative Defense- Laches*

In the Eighth Affirmative Defense, Defendant argues that "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches." (Answer at 6).

Plaintiff argues that there is no evidence in this case that he unreasonably delayed bringing suit or that Defendant was prejudiced in any way by any purported delay.  (Mot. at 19). Defendant does not oppose Plaintiff's argument.

Generally, to demonstrate laches, a "defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc*., 218 F.3d 1078,

1083 (9th Cir.2000). Here, Defendant has failed to show an unreasonable delay by Plaintiff. The email with the allegedly defamatory statement was sent on November 27, 2017, and Plaintiff filed the present action on April 27, 2018, approximately five months later. The Court finds no delay that would initiate the doctrine of laches. Because there is no genuine issue of material fact with regard to the defense of laches, the Court grants summary adjudication as to this claim.

B. DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION

In his Complaint, Plaintiff seeks punitive damages of no less than $1.5 million dollars. (Compl. at ¶19).

Defendant seeks summary adjudication on Plaintiff's punitive damages claim under Federal Rules of Civil Procedure 56(b) and Civil Local Rule 56-1. (Def. Mot. at 1 [ECF No. 92-1].) According to Defendant, Plaintiff has not demonstrated through clear and convincing evidence that Defendant's conduct constitutes fraud, oppression, or malice, as required to prove defamation per se. (*Id.* at 8-9). Defendant argues that a claim for punitive damages can and should be decided at the summary adjudication stage. (*Id.* at 6).

Plaintiff counters that his request for punitive damages is sufficiently supported, arguing that (1) Defendant failed to meet his initial burden to demonstrate the absence of a genuine dispute, (2) punitive damages may be based solely on Defendant's statement, (3) Defendant's failure to apologize demonstrate his malicious and oppressive intent, (4) Defendant's reckless disregard for the truth supports the punitive damages claim, and (5) actual malice must be determined by a jury. (Pl. Oppo at 2, 5-11 [ECF No. 98.]) He further contends that there is no obligation for him to prove a case for punitive damages at the summary adjudication stage. (*Id.* at 4).

"Under California law, punitive damages are appropriate where a plaintiff establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression or (3) malice." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 998 (9th Cir. 2006); Cal. Civ.Code § 3294(a). "[A] private figure plaintiff [is] required to show actual

malice in order to recover presumed or punitive damages." *Philadelphia Newspapers v. Hepps*, 475 U.S. 767, 774 (1986). "[P]unitive damages are available in cases where the trier of fact finds slander per se." *Tilkey v. Allstate*, 56 Cal.App.5th 521, 557 (2020). "If the defamation is defamatory without explanatory matter, it is libel per se and actionable" even where a plaintiff cannot show loss of jobs or income as a result of the libel. *Manguso v. Oceanside Unified,* 153 Cal.App. 3d 574, 583 (1984). "A plaintiff is never entitled as a matter of right to exemplary damages." *Shumate v. Johnson Pub. Co.,* 139 Cal.App. 2d 121, 135 (1956).

As a primary matter, Plaintiff's punitive damages claim may be adjudicated on a motion for summary adjudication, though Plaintiff is not required to prove the claim at this stage. *American Airlines, Inc., v Sheppard, Mullin, Richter & Hampton*, 96 Cal.App.4th 1017, 1049 (2002). Instead, the plaintiff must meet the clear and convincing standard of proof with regard to the claim. *Id*.

### 1. *Fraud*

Fraud is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." § 3294(c)(3). Defendant claims that he "clearly identified a different Howard Appel when he made the statement" and a mistaken representation falls short of the intent required to show fraud. (Def. Mot. at 8). The Court agrees. Plaintiff has failed to meet his burden to show by clear and convincing evidence that Defendant's statement constituted an intentional misrepresentation, deceit or concealment. *See American Airlines*, 96 Cal.App.4th at 1053.

### 2. *Oppression*

Oppression means "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." § 3294 (c)(2). "The adjective 'despicable' connotes conduct that is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people."

*Lackner v. North*, 135 Cal.App.4th 1188, 1210 (2006). Plaintiff has not met his burden to show by clear and convincing evidence that Defendant's statements constitute oppression, therefore, there is no genuine issue of disputed fact on this point. *See American Airlines*, 96 Cal.App.4th at 1053

    3. *Malice*

    Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." § 3294(c)(1). A plaintiff must show that Defendant intended to cause injury *or* that the conduct was despicable. CA BAJI 14.72.1(emphasis added) (["Malice" means conduct which is [intended by the defendant to cause injury to the plaintiff] [or] [despicable conduct which is carried on by the defendant with a willful and conscious disregard for the [rights] [or] [safety] of others.) "The trier of fact may infer malice in fact from the tenor of the publication of a libel which is actionable per se." *Shumate*, 139 Cal.App. 2d at 136.

    Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently demonstrated a disputed issue of material fact with regard to Defendant's intent when he published the statement. First, the parties acknowledge that the tenor of the emails between Plaintiff's lawyers and the lawyers for Concierge was "unnecessarily contentious" and that the statement was included in an email that was part of this back and forth. (Wolf Dep. at 62:17-23; 75:7-11). Defendant claimed to know Plaintiff, and imparted to the team of lawyers that Plaintiff had legal issues (securities fraud), concluding with: "Please send him my regards." (Fink Dec. ¶ 3; Ex. A at 4 [ECF No. 91-1.]) A jury could perceive this sign-off as sarcastic and insincere when combined with the assertion that Plaintiff committed securities fraud. (*Shumate*, 139 Cal.App. 2d at 136. ("[T]he existence of malice in fact is sufficiently shown by the publication to make the question an issue before the jury.")

    In addition, Defendant acknowledged that he incorrectly referred to wrong Howard Appel in the email and claims that he did not intend send the email with any malice. (Wolf

Dec. Ex. A at ¶12 [ECF No. 102.]) However, Defendant published the statement without any indication that he researched the truth or falsity of the statement. *See Dunn & Bradstreet, v. Greenmoss,* 472 U.S. 749, 761 ("In light of the reduced constitutional value of speech involving no matters of public concern, we hold that the state interest adequately supports awards of presumed and punitive damages—even absent a showing of 'actual malice'"); *Gertz v. Welch*, 418 U.S. at 350; *Khawar v. Globe Intern*, 19 Cal.4th 254, 274 (1998). As a result, there is a disputed issue of material fact with regard to Defendant's failure to confirm the assertion against Plaintiff prior to publishing the email.

While Defendant claims he acted without malice in publishing the statement about Plaintiff, he has refused to issue a formal apology, despite acknowledging that the statement was about a different Howard Appel. Defendant's reason for failing to do so is that the tone and content of the email from Plaintiff's counsel requesting an apology and retraction "didn't merit a response." (Pl. Oppo. Ex. F at 74:14-75:11 [ECF No. 98-2.]) Taken in conjunction with the tenor of the email exchange, and Defendant's failure to confirm the truth of the assertion in the email before publication, his failure to apologize and ameliorate any damage to Plaintiff supports Plaintiff's contention that there is a genuine issue of material fact with regard to Defendant's intent, therefore, summary judgment is **DENIED** as to Defendant's claim. *McMann v. Wadler*, 189 Cal.App.2d 124, 129 (1961) ("The existence or nonexistence of malice is a question of fact for the jury.")

V.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment, **GRANTS** Plaintiff's request for judicial notice, and **DENIES** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated:  January 30, 2023

Hon. M. James Lorenz
United States District Judge

23