1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   HOWARD APPEL,                              Case No.:  18-CV-814 TWR (BGS)

12                              Plaintiff,
                                               **ORDER (1) DENYING
13   v.                                         DEFENDANT'S MOTION TO
                                                CONTINUE PRETRIAL
14   ROBERT S. WOLF,                            CONFERENCE AND TRIAL, AND
                                                (2) FOR THE PARTIES TO FILE A
15                              Defendant.       JOINT STATUS REPORT ON OR
                                                BEFORE AUGUST 4, 2023**
16

17                                             (ECF Nos. 119, 120, 121)

18

19          Presently before the Court is Defendant Robert S. Wolf's Motion to Continue

20   Pretrial Conference and Trial.  (ECF No. 119, "Mot.")  The Court has also received and

21   reviewed Plaintiff Howard Appel's Opposition to the Motion, (ECF No. 120), and

22   Defendant's Reply and Update Regarding Request for Continuance of Trial Date, (ECF

23   No. 121).  For the following reasons, the Court **DENIES** Defendant's Motion to Continue

24   and **ORDERS** the Parties to file a Joint Status Report on or before Friday, August 4, 2023.

25          The Parties previously filed a Joint Motion to continue the Final Pretrial Conference,

26   (*see* ECF No. 114), which the Court granted on July 5, 2023, (*see* ECF No. 115).  Defendant

27   then filed another Motion seeking a continuance of the Final Pretrial Conference, as well

28   as the trial and other related dates, (ECF No. 116), which the Court granted in part and

1

1   denied in part on July 21, 2023, (ECF No. 118).  The Court granted Defendant's Motion

2   insofar as it sought a continuance of the trial date but denied the Motion insofar as it sought

3   a continuance of the Final Pretrial Conference.  (*See generally id.*)  Accordingly, the Court

4   reset the trial for September 5, 2023, at 9:00 a.m., in Courtroom 3A but did not disturb the

5   Pretrial Conference set for August 17, 2023, at 3:00 p.m., in Courtroom 3A.  (*See id.*)  In

6   that same Order, the Court set forth a detailed procedural history of the continuances and

7   extensions that have been granted in the five years this case has been pending.  (*See id.* at

8   1–2.)

9     Through the instant Motion, Defendant now seeks another continuance of the trial

10   date, asking the Court to reset the trial for September 11, 2023, as this "is a date that both

11   Mr. Wolf and [his counsel] Mr. Pettit are available."  (*See* Mot. at 3–4.)  Defendant asserts

12   that he has a conflict with the September 5, 2023 trial date because he has a planned

13   vacation from August 26, 2023 to September 9, 2023.  (*See id.* at 2–3.)[1]   Although

14   Defendant had the opportunity to inform the Court of this purported conflict in his previous

15   Motion to Continue, his counsel evidently "did not feel it was necessary" on account of the

16   fact that "counsel's trial engagements covered the same period of time."  (*See id.* at 2.)

17     Yet, those trial engagements covered only August 25, 2023 to September 1, 2023.

18   (*See* ECF No. 116 at 2.)  Moreover, in the prior Motion to Continue, Mr. Pettit informed

19   the Court of his client's other vacation dates that presented scheduling issues.  (*See id.*

20   ("Defendant is unavailable November 10–25 for a previously planned trip out of the

21   country.").)  Although Mr. Wolf appears to have purchased the hotel for his vacation before

22   the undersigned set this matter for trial, (*see* ECF No. 119-2 at 1 ("reservation . . . booked

23   on July 02nd 2023"), "clients must be held accountable for the acts and omissions of their

24   attorneys," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 396 (1993).

25

26

27   [1] Defendant's Motion also asserted that his counsel may have a conflict with the September 5, 2023
trial date due to the *Citizens of Humanity v. Clark, et al.* trial, (*see* Mot. at 3), but in the Reply and Update

28   Defendant informed the Court that the *Citizens of Humanity* trial has been continued to March 2024 and
no longer poses any conflict, (*see* ECF No. 121 at 1).

18-CV-814 TWR (BGS)

More importantly, the September 11, 2023 trial date proposed by Defendant clearly conflicts with Plaintiff and Plaintiff's counsel's pre-existing obligations.  (*See generally* ECF No. 120.)   Counsel for Plaintiff is set for trial on September 8, 2023, and September 11, 2023, (*see id.* at 2–3), and Plaintiff himself has represented that he has an undisclosed conflict with the September 11, 2023 trial date, (*see id.* at 3).  The Court acknowledges that Plaintiff and his counsel have both taken "steps to clear their calendars for the September 5, 2023 trial date [o]rdered by the Court, based on Defendant's previously filed motion to continue," (*see id.* at 2), and that moving the trial to September 11, 2023, would cause a serious conflict.

As for the Final Pretrial Conference on August 17, 2023, at 3:00 p.m., defense counsel represents that he is "trial counsel" in an action set for trial from August 16, 2023, to August 25, 2023, which will render him unavailable for the Final Pretrial Conference. (*See generally* ECF No. 119-1.)  Yet, as the Court noted in its previous Order, (ECF No. 118 at 3), and as defense counsel himself acknowledges, (*see* ECF No. 119-1 ¶ 2), the trial is for a case in which Mr. Pettit has not in fact appeared.  Furthermore, defense counsel has offered to "advise the trial court in Los Angeles of [his] conflict and ask that [they] finish early on August 17, 2023[,] so that [he] can appear remotely at 3:00 p.m."[2]  (*See id.* ¶ 9.) Thus, it does not appear that defense counsel's conflict with the Final Pretrial Conference is immovable.  Moreover, defense counsel's request that "this Court set [the] Final Pretrial Conference for some date prior to August 16, 2023," (*see* ECF No. 119-1 ¶ 10), is not only incompatible with the Court's calendar, but would require the Court to expedite the deadlines for, among other things, proposed jury instructions, verdict forms, *voir dire* questions, and stipulations.  Expediting those deadlines at the eleventh hour would almost certainly cause undue prejudice to Plaintiff.  The Court therefore **DENIES** Defendant's

---

[2]     Pursuant to Section III.B.8 of the undersigned's Standing Order for Civil Cases, defense counsel must file an *ex parte* motion at least three court days before the Final Pretrial Conference if he wishes to appear telephonically.

18-CV-814 TWR (BGS)

1  Motion to reschedule the Final Pretrial Conference and to continue the trial to
2  September 11, 2023.

3      Although the Court cannot accommodate the trial and Pretrial Conference dates
4  sought by Defendant, it has identified—based on the Parties' briefing—a set of potentially
5  mutually agreeable dates for the Parties' consideration.  The Court is available on
6  Thursday, September 14, 2023, at 3:00 p.m., for a Final Pretrial Conference and on
7  Monday, September 18, 2023, at 9:00 a.m., for trial.  The Court therefore **ORDERS** the
8  Parties to meet and confer and to file a Joint Status Report, not to exceed three (3) pages,
9  on or before Friday, August 4, 2023, informing the Court whether the Parties mutually
10 consent to the proposed dates.  If both Parties consent to the aforementioned dates, the
11 Court will reset the Final Pretrial Conference and trial dates.  The Court will not, however,
12 amend any filing deadlines preceding the Final Pretrial Conference.[3]  If either Party does
13 not consent to the proposed dates, the pre-existing Pretrial Conference date of August 17,
14 2023, at 3:00 p.m., and trial date of September 5, 2023, at 9:00 a.m., will remain
15 undisturbed, as will all corresponding deadlines.

16     **IT IS SO ORDERED.**

17 Dated:  July 31, 2023

18 _____
19 Honorable Todd W. Robinson
   United States District Judge

---

[3]  The filing deadlines set forth in the Court's July 5 Order, (*see* ECF No. 115 at 3:1–15), and affirmed in the Court's July 21 Order, (*see* ECF No. 118 at 4:21–5:8), will control.  If the trial date is reset, the Court will, however, reset the Parties' deadline to "1. Provide exhibits to the Court, and 2. Exchange demonstrative exhibits." (*See* ECF No. 118 at 5:11–13.)